IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HERBERT FLETCHER,                  §
                                   §
                    Plaintiff,     §
                                   §   Civil Action No. 3:13-CV-2090-D
VS.                                §
                                   §
DOUGLAS SHULMAN, et al.,           §
                                   §
                    Defendants.    §

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Herbert Fletcher ("Fletcher")—whose two prior challenges to the

assessments of federal income taxes for 2007 and 2008 have been dismissed—is before the

court again, this time suing several parties and challenging the assessment of federal income

tax for 2009.  The United States of America ("the government") moves to dismiss Fletcher's

claims against all defendants under, *inter alia*, Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  For the

reasons that follow, the court grants the motion, denies Fletcher's request for another

opportunity to replead, and dismisses this action with prejudice by judgment filed today.

I

Fletcher filed the instant lawsuit in Texas state court, making a number of tax protest

arguments and seeking injunctive and declaratory relief, administrative sanctions, and

damages against Douglas Shulman ("Shulman"), the former Commissioner of the Internal

Revenue Service ("IRS"); Steven Miller ("Miller"), the Acting Commissioner of the IRS;

Bill Banowsky ("Banowsky"), an employee of the IRS's regional office in Ogden, Utah;

William Wilkins ("Wilkins"), Chief Counsel for the IRS; and the government.   The government removed the case to this court, and, after the court granted Fletcher leave to amend, Fletcher filed a first amended petition ("amended complaint") in which he added as defendants Jacob Lew ("Lew"), the Secretary of the U.S. Department of the Treasury (the "Treasury Department"), and the Treasury Department, while apparently attempting to dismiss the government as a defendant by not referring to it in the case caption.

Fletcher's lawsuit is similar to two that he has filed before.   In the instant action, Fletcher denies that he owes any federal income tax for the year 2009 and that the various defendants have violated his rights by attempting to collect from him.   Fletcher filed a substantially similar lawsuit in which he denied owing federal income tax for the year 2007, which was dismissed, *see Fletcher v. United States*, 2011 WL 1043491 (N.D. Tex. Mar. 22, 2011) (Kinkeade, J.), *aff'd*, 452 Fed. Appx. 547 (5th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1873 (2012), and another lawsuit in which he denied owing federal income tax for the year 2008, which was also dismissed, *see Fletcher v. Shulman*, 2011 WL 8107056 (N.D. Tex. Aug. 23, 2011) (Fitzwater, C.J.), *aff'd*, 470 Fed. Appx. 394 (5th Cir. 2012), *cert. denied* ___ U.S. ___, 133 S. Ct. 468 (2012).

Fletcher makes essentially the same arguments in the instant action that he made in his two prior lawsuits.   On February 4, 2013 the IRS issued a 90-day notice of deficiency, stating that Fletcher owed the IRS federal income tax in the amount of $4,826.00 for the year 2009 and several additional penalties, in violation of 26 U.S.C. §§ 6651(a)(1)-(2), 6654(a). Rather than pay the tax and seek a refund, Fletcher filed this lawsuit, alleging that he is not

a "taxpayer" and thus owes no federal tax, that the case is governed by Texas law of trusts rather than federal tax law, and that the defendants sued in their individual capacities were deliberately indifferent to the alleged violations of his rights.  The government moves to dismiss, contending that the court lacks subject matter jurisdiction because Fletcher is seeking an injunction, in violation of the Anti-Injunction Act, 26 U.S.C. § 7421(a), and a declaratory judgment, which is precluded by the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, or, in the alternative, that he has failed to state a claim on which relief can be granted.  The government also maintains that Fletcher's amended complaint fails to state a claim against Shulman, Miller, Banowsky, Wilkins, and Lew in their individual capacities because the only possible basis for such a claim identified in the amended complaint is *Bivens*,[1] and the collection of taxes does not give rise to a *Bivens* claim.[2]

## II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."  *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  Accordingly, the plaintiff constantly bears the burden of

---

[1]*See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2]The government also argues that dismissal is proper because Fletcher failed to effect service of process as to the defendants sued in their individual capacities.  Because the court concludes that this action should be dismissed regardless whether the individual defendants were personally served with process, the court will assume, without deciding, that the individual defendants were properly served.

proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the] plaintiff['s] . . . complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). To survive the government's motion to dismiss under Rule 12(b)(6), Fletcher must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

- 4 -

III

The court first considers whether Fletcher's claim for injunctive relief is barred by the Anti-Injunction Act.

A

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." *Fletcher v. United States*, 452 Fed. Appx. 547, 552 (5th Cir. 2011) (per curiam) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)) (internal quotation marks omitted).

> The district courts have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]"

*Id.* (quoting 28 U.S.C. § 1346(a)(1)). "However, this waiver of the Unites States' sovereign immunity is subject to additional conditions set forth in . . . [the] Anti-Injunction Act, 26 U.S.C. § 7422(a)." *Id.* "Under § 7422(a), before a taxpayer can bring a refund suit, he or she must first fully pay the assessed tax, file an administrative claim for refund with the IRS, and wait until either the IRS denies the claim or six months have expired since filing the administrative claim." *Id.* (citing 26 U.S.C. §§ 6532(a), 7422(a)).

B

Like his prior lawsuits, Fletcher has not pleaded or provided any evidence that he has complied with the prerequisites of 26 U.S.C. § 7422(a). There is no indication in the record

that he has fully paid the deficiency assessed against him or filed an administrative claim for a refund.  In his response to the government's motion to dismiss, Fletcher appears to concede that he has not applied for a refund and apparently does not intend to, stating that "Paying and then suing for a Refund is an option available to 'taxpayers.'  It's 'suicide' for non-taxpayers.  As previously stated, what [the government] argues as 'solutions' for all members of the class of non-taxpayers is to 'volunteer.'  Fletcher *ain't* goin' there."  P. Resp. 41.[3] Because Fletcher has failed to meet the prerequisites of the Anti-Injunction Act, his claim for injunctive relief must be dismissed.

IV

The court next considers whether Fletcher's claims for declaratory relief are precluded by the DJA.  "The [DJA] denies jurisdiction to the district courts to grant declaratory relief with respect to federal taxes."  *Fletcher*, 452 Fed. Appx. at 553 (citing 28 U.S.C. § 2201(a); *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974)).   Here, Fletcher requests declaratory relief in the form of a declaration from the court that he is not a "taxpayer" and thus owes no federal taxes.  The DJA plainly bars federal jurisdiction over such a claim for relief.  *See id.*  Because they are precluded under the DJA, Fletcher's claims for declaratory

---

[3]Fletcher made similar assertions in his first lawsuit.  The Fifth Circuit noted: "Indeed, in his motions before the district court, Fletcher repeatedly declared that he had no intention of complying with the refund system, a 'booby-trapped' forum, as he styles it."  *Fletcher*, 452 Fed. Appx. at 553.

relief must be dismissed.[4]

V

The court turns to Fletcher's claims for monetary damages against Shulman, Miller, Banowsky, Wilkins, and Lew, in their individual capacities.

A

Fletcher purports to assert *Bivens* claims against Shulman, Miller, Banowsky, Wilkins, and Lew, but he does not identify a constitutional basis for the claim.  To overcome the defense of qualified immunity, Fletcher must plead facts that, taken in the light most favorable to him, show that defendants' conduct violated a constitutional right.  *See, e.g., Ellis v. Crawford*, 2005 WL 525406, at *3 (N.D. Tex. Mar. 3, 2005) (Fitzwater, J.) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).[5]  "Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable."  *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005).  "'The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the

---

[4]Because the court is granting the government's motion as to Fletcher's claims for injunctive and declaratory relief under Rule 12(b)(1), it does not reach the government's alternative argument under Rule 12(b)(6).

[5]*Ellis* and several cases cited hereafter address claims brought under 42 U.S.C. § 1983 rather than *Bivens*.  Section 1983 cases are properly consulted when addressing *Bivens* actions.  *See, e.g., Boyd v. Driver*, 579 F.3d 513, 515 n.5 (5th Cir. 2009) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials.") (quoting *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir.1999))).  The cases cited hereafter are § 1983 actions.

defendant's conduct violated the' plaintiff's asserted constitutional or federal statutory right."

*Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 284 (5th Cir. 2002)

(quoting *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)).

                                                    B

        Because Fletcher is proceeding *pro se*, the court liberally construes his pleadings.  *See,*

*e.g., Bear Stearns Cos. v. Lavalle*, 2000 WL 34339773, at *2 (N.D. Tex. Oct. 27, 2003)

(Fitzwater, J.).  Even so, the court holds that the amended complaint fails to state a claim

under *Bivens*.  Fletcher alleges that Shulman and Miller were deliberately indifferent and

failed to train IRS employees who were involved in sending Fletcher his 90-day notice of

deficiency.  He alleges that Banowsky was the IRS employee who allegedly signed the IRS

letter that was sent to him.  He alleges that Wilkins was deliberately indifferent toward him

during the "administrative process."  And he alleges that Lew was deliberately indifferent

toward him in refusing to train Treasury Department employees and allegedly violating

Fletcher's right not to contract.  The only possible basis identified in the amended complaint

for Fletcher's claims for monetary damages is *Bivens*.  *See* Am. Compl. ¶ 103(C) ("That the

final ruling include an award to Fletcher in support of his *Bivens* claim arising from this third

90-day demand letter, in that Shulman, Miller, Banowsky, and Wilkins, acting at all times

under color of law and office, individually and in conspiracy, are liable to Fletcher,

individually, and jointly and severally, in the amount of [$1 million] actual damages[.]").[6]

_____

        [6]Although there are references to other legal grounds throughout the amended
complaint, they do not clearly indicate that Fletcher is relying on any basis to establish the

                                                  - 8 -

Fletcher's *Bivens* claims are subject to dismissal on three different grounds.  Under

*Baddour, Inc. v. United States*, 802 F.2d 801 (5th Cir. 1986),

> a complaint for damages based upon an alleged constitutional
> tort may be dismissed for failure to state a claim *either* because
> (1) no constitutional source for the plaintiff's claim exists, *or* (2)
> Congress has created explicit remedies, *or* (3) a court-created
> remedy would interfere with the effective functioning of the
> government.

*Id.* at 808 (citing *Cameron v. Internal Revenue Serv.*, 773 F.2d 126, 129 (7th Cir. 1985))

(internal quotation marks omitted).  Because the government does not comprehensively

address the first basis, and the second and third provide sufficient grounds to grant the

government's motion, the court will address them.  As the Seventh Circuit initially observed

in *Cameron*:

> Congress has given taxpayers all sorts of rights against an
> overzealous officialdom, including, most fundamentally, the
> right to sue the government for a refund if forced to overpay
> taxes, and it would make the collection of taxes chaotic if a
> taxpayer could bypass the remedies provided by Congress
> simply by bringing a damage action against Treasury
> employees. It is hard enough to collect taxes as it is; additional
> obstructions are not needed.

*Cameron*, 773 F.2d at 129; *see also Baddour*, 802 F.2d at 808 (quoting passage above).

Here, like the plaintiff in *Baddour*, Fletcher could pursue a remedy through the

administrative process specified by Congress in 26 U.S.C. § 7422 and then pursue judicial

review in district court under 28 U.S.C. § 1346.  He chose not to, instead filing the instant

---

liability of the individual defendants for monetary damages apart from *Bivens*.

lawsuit without attempting to utilize the remedial scheme established under the IRS Code. "To open up an entirely new avenue of relief [by recognizing a *Bivens* claim] resulting in the personal liability of [IRS] employees would serve to hamper the ability of such employees to perform a function that is a difficult one and one that is vital to our nation." *Baddour*, 802 F.2d at 808. "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988). "Taken together, therefore, Congress's considerable attention to the rights and remedies available to taxpayers and the Supreme Court's hesitancy in creating *Bivens* remedies in such circumstances provide strong support for the conclusion that no *Bivens* remedy lies in this case." *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 412 (4th Cir. 2003). Accordingly, the court holds that the claims against Shulman, Miller, Banowsky, Wilkins, and Lew in their individual capacities must be dismissed based on the second and third *Baddour* grounds.[7]

_____

[7]Although Fletcher's amended complaint includes allegations of deliberate indifference, these allegations are conclusory and do not permit the court to draw the reasonable inference that defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Fletcher's response likewise fails to identify any reason why the government's arguments are misplaced. His response contains tax-protestor-type terminology and rhetoric that lacks merit. *See Fletcher*, 2011 WL 8107056, at *1 & n.3 (noting same deficiencies in previous two lawsuits). Fletcher has therefore failed to plead a viable *Bivens* claim even under a liberal reading of *Rutherford v. United States*, 702 F.2d 580, 583-85 (5th Cir. 1983). *See Baddour*, 802 F.2d at 808 (distinguishing *Rutherford*).

VI

In his response, Fletcher requests leave to amend if the court is inclined to grant the government's motion to dismiss. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). The court has already granted Fletcher one opportunity to amend his complaint. Morever, this lawsuit is a similar version of the same lawsuit that Fletcher has already filed twice before, both of which were dismissed on similar grounds. Because the court has already permitted Fletcher to replead once, and it is clear that the defects identified in this memorandum opinion and order are incurable, the court denies Fletcher's request for leave to amend a second time.

\*   \*   \*

For the reasons explained, the court grants the government's motion to dismiss and dismisses this action with prejudice by judgment filed today.[8]

---

[8]Ordinarily, a dismissal based on lack of subject matter jurisdiction is without prejudice. In this case, however, the dismissal based on lack of subject matter jurisdiction, like the dismissal on the merits, must be with prejudice. *See, e.g., Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the [plaintiffs] redraft their claims to avoid the exceptions to the [Federal Tort Claims Act]." (citation omitted)); *see also*

- 11 -

**SO ORDERED.**

January 21, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE

_____

*Bloomquist v. Brady*, 894 F. Supp. 108, 116 (W.D.N.Y. 1995) ("A dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover against the United States.").

- 12 -